# MICHAEL GUINEA

## v.

## THE PEOPLE EX REL. POLLIE KEEFE.

*Bastardy—Practice—Evidence—Instructions.*

1. It is proper for counsel for the plaintiff to state to the jury in a given case, what judgment the law directs shall be given on a verdict against the defendant.

2. It is within the discretion of the court to allow competent evidence to be introduced at any time before the case is submitted to the jury.

3. In bastardy proceedings this court declines to interfere with a verdict finding that defendant was the father of the child in question.

[Opinion filed December 11, 1890.]

APPEAL from the Criminal Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. DONAHOE & DAVID, for appellant.

Mr. FRED H. ATWOOD, for appellees.

MORAN, P. J. This is an appeal from a judgment in pursuance of the statute, on a verdict finding that appellant was the father of a bastard child.

Objection was made, and exception taken to the plaintiffs' counsel stating to the jury, in his opening argument, that if the defendant was found, by their verdict, to be the father of the complaining witness' child, he would be required, by the judgment of the court, to pay $550 in ten years.

We see no objection to its being stated to the jury just what judgment the law directs shall be given on the verdict in such a case. It is quite usual for counsel to state to juries the legal consequence of a finding, one way or the other. Of course, if counsel does not, in such case, state the law correctly, the adverse party can secure a correction by asking the court to give the law to the jury in instructions.

Another statement of counsel to which exception was taken, was the statement that "the object of this bastardy statute is to prevent bastard children from being thrown on the county for support, and to make the father of bastard children support them."

This was but the statement of an inference. It was made in the opening statement before any evidence was heard. While it may not have been strictly pertinent to the issue about to be tried, it is difficult to perceive how such a statement could have influenced the jury on a finding as to whether appellant was the father of the child. Such a statement, under such circumstances, furnishes no ground for reversal.

It is very different, both in substance and effect, from an instruction by the court that the child might become a public charge if no father was found for it, such as was condemned in Cunningham v. State, 65 Ind. 377.

It is urged that the court allowed defendant to be impeached on immaterial and irrelevant matters. The matters which the witnesses were asked about on rebuttal, were not irrelevant or immaterial. What defendant stated on the witness stand or elsewhere, as to his conversations and relations with the complaining witness, was competent evidence, and could have been introduced on plaintiffs' main case. It is within the discretion of the court to allow competent evidence to be introduced at any time before the case is submitted to the jury.

It is true, that asking defendant on cross-examination what he said on a former trial, when on this trial his direct testimony did not in any manner touch upon the matters, was not proper, but his answers were favorable to himself, and therefore the error was not injurious to him. There was no impeachment of him, except as contradiction is impeachment, and that sort of impeachment runs all through the evidence.

The instruction which is complained of in this regard does not relate to impeachment, and would be just as correct and pertinent an instruction if he had not been asked as to his statements on the former trial. Some other alleged errors are urged which it is unnecessary to discuss further than to say that there is nothing which requires or authorizes the

reversal of the judgment. It was for the jury to determine, from all the evidence, whether they would believe the complaining witness or the defendant. Their conclusion is supported by the evidence, and no error of law intervening, the judgment must be affirmed.

*Judgment affirmed.*